UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| CELESTE CURD, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | 5:18-cv-00503-JMH |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| GLA COLLECTION CO., INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*

This matter is before the Court on the Parties' "Joint Stipulation of Dismissal with Prejudice as to Defendant Eagle Financial Services, Inc.," [DE 38], pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

On August 23, 2018, the Plaintiff, Celeste Curd, filed this action against six (6) defendants generally alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 and/or the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* [DE 1]. Now, the parties have filed a joint stipulation of dismissal of an individual party – Eagle Financial Services, Inc. - under Rule 41(a)(1)(A)(ii). [DE 38]. The Court construes the parties' joint stipulation as a motion to dismiss.

As this Court has held, dismissal of claims against individual parties in an action is not appropriate under Rule 41(a). *See e.g.*, *Howard v. 21st Century Mortgage Corporation*, No. 5:18-cv-00613, 2019 WL 2163602, at \*2 (E.D. Ky. May 17, 2019) (stating

1

"...this Court made clear the appropriate rule under which a party may dismiss a single defendant – Rule 21"). For the reasons stated herein below, and the Court being otherwise sufficiently advised, the parties' motion [DE 38] is **DENIED**.

## I. Analysis

The parties moved to dismiss using joint stipulations of dismissal under Rule 41(a)(1)(A)(ii). Generally, Rule 41(a)(1)(A)(ii) allows dismissal of an action without court order through a joint stipulation of dismissal signed by all parties who have appeared.

In the Sixth Circuit, a plaintiff may only dismiss an "action" using Rule 41(a) and an "action" is interpreted to mean the "entire controversy." *Philip Carey Manufacturing Company v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). While some Circuits disagree with the Sixth Circuit's interpretation of Rule 41(a), this Court is bound by Sixth Circuit precedent. *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462 (E.D. Ky. 2018); *see, e.g.*, *Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693-94 (D. Utah 2015) (discussing the circuit split and citing cases). Here, the parties do not seek dismissal of the entire action, but rather dismissal of only one defendant. [DE 38]. As the motion/joint stipulation would not extinguish this action as to all defendants, granting the parties motion to dismiss/stipulation under Rule 41 would be inappropriate.

Moreover, courts in in this Circuit have abundantly clear the that Rule 21 is appropriate rule under which a party may dismiss a single defendant. *See Taylor*, 286 F.2d at 785 ("we think that [Rule 21] is the one under which any action to eliminate" a single defendant should be taken); *see also Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008); *Wilkerson v. Brakebill*, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212 (E.D. Tenn. Jan. 30, 2017) ("Rule 21 is the more appropriate rule"); *Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-850, 2012 WL 1758019, at *2 n.2 (S.D. Ohio May 16, 2012) ("the Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41"); *Warfel v. Chase Bank USA, N.A.*, No. 2:11-cv-699, 2012 WL 441135, at *2 (S.D. Ohio Feb. 10, 2012). In filing the subject motion, the parties have failed to move under the appropriate Rule.

Counsel for Plaintiff, James Hays Lawson and James R. McKenzie, have also incorrectly moved for dismissal of a single party pursuant to Rule 41 in other cases. *See Shockley v. Portfolio Recovery Associates, LLC*, No. 5:18-cv-00010, at Docket Entry 7 (E.D. Ky. February 8, 2018) (filing motion to dismiss a single party under Rule 41(a)(2); *Howard v. 21st Century Mortgage Corporation,* No. 5:18-cv-00613, at Docket Entry 25 (E.D. Ky. Jan.

3

21, 2019) (filing notice of voluntary dismissal). In other instances, they have joined in such motions filed by opposing counsel. *See Gross v. GLA Collection Co., Inc., et al.*, No. 5:18-cv-00519, at Docket Entry 24 (E.D. Ky. February 13, 2019); *Gross*, No. 5:18-cv-00519, at Docket Entry 26 (E.D. Ky. February 25, 2019).

This Court has repeatedly informed Mr. McKenzie and Mr. Lawson that such motions are to be made pursuant to Rule 21. *Shockley*, No. 5:18-cv-00010, at Docket Entry 8 (E.D. Ky. February 13, 2018); *Howard*, No. 5:18-cv-00613, 2019 WL 638365, at *1-2 (E.D. Ky. Feb. 14, 2019); *Gross*, No. 5:18-cv-00519, at Docket Entry 27 (E.D. Ky. Feb. 25, 2019). Nonetheless, this Court construed the parties' Rule 41 motions as motions correctly filed under Rule 21 and granted them. *Id.* It should be noted that, in each such instance, the Court was forced to undergo the tedious exercise of explaining why it was construing Rule 41 motions as Rule 21 motions. *Id.* In any event, by now Mr. McKenzie and Mr. Lawson knew or should have known the appropriate procedure to dismiss a single party.

However, on May 15, 2019, Mr. McKenzie and Mr. Lawson were involved in the incorrect filing of yet another joint motion/stipulation of dismissal under Rule 41. *Howard*, No. 5:18-cv-00613, Docket Entry 40 (E.D. Ky. May 15, 2019). This Court had enough and denied the motion. *Howard*, No. 5:18-cv-00613, 2019 WL 2163602, *1-2 (E.D. Ky. May 17, 2019). As a result, Mr. McKenzie

4

and Mr. Lawson were made readily aware that this Court will no longer tolerate continued disregard for the Rules or its orders.

Unsurprisingly, they then correctly filed a joint motion to dismiss a single party under the appropriate rule, *Howard*, No. 5:18-cv-00613, Docket Entry 42 (E.D. Ky. May 20, 2019) (moving to dismiss a party under Rule 21). The next day the Court granted their joint motion. *Howard,* No. 5:18-cv-00613, Docket Entry 43 (E.D. Ky. May 21, 2019).

We further note that, only two days later, Mr. McKenzie was again able to correctly file a joint motion to drop a single party under Rule 21 in a separate case. *Gross,* No. 5:18-cv-00519, Docket Entry 31 (E.D. Ky. May 22, 2019). The Court granted the motion. *Gross*, No. 5:18-cv-00519, Docket Entry 32 (E.D. Ky. May 22, 2019). Thus, counsel has shown they are, indeed, capable of following both the Federal Rules of Civil Procedure and this Court's orders.

However, on July 16, 2019, Mr. McKenzie and Mr. Lawson were involved in the filing of the joint stipulation of dismissal currently before the Court. [DE 38]. Again, they move under Rule 41 rather than Rule 21. [Id.]. Mr. McKenzie and Mr. Lawson know better. The Court will not continue to engage in the fruitless and time-consuming exercise of explaining the appropriate procedure to counsel *ad nauseum* only to be ignored. Accordingly, we caution counsel that any further failure to heed this Court's orders on

this issue may result in the imposition of sanctions. *See* Fed. R. Civ. P. 11.

With respect to the instant motion, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that the parties' joint stipulation/motion [DE 38] be, and hereby is, **DENIED**.

This the 18th day of July, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge